IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN IVEY, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>JOHN SNOW, SECRETARY OF )<br>THE TREASURY, )<br>)<br>      Defendant. ) | Civil No. 05-1095 EGS |

## DEFENDANT'S STATEMENT OF FACTS

Defendant asserts that the following material facts are not in dispute:

1.  In his complaint dated May 2, 2005, plaintiff asserts that he had requested the following information:

> (1) From the attached document #1, from the Commissioner's Complaint Processing and Analysis Group, I am requesting the information under the blacked areas. These are particularly the names of accusers which I have a right to know as the accusations are false and, additionally, relative to civil actions 04-0394, 04-0395, 04-0396 and 05-0176.
> (2) Copies of my last paycheck and paycheck receipt as received in March 2001.
> (3) The copy of an incentive check I received during September 2000 as a result of the program at the IRS Doraville Processing Center.
> (4) The statistics/ratio of the gender and racial of the IRS Doraville Processing Center from 1998 to 2001.
> (5) The number of data transcribers at the IRS Doraville Processing Center which were terminated for "poor rating" and their relative gender and race for the period beginning 1998 to 2001, inclusive.

(6)    The statistics for the rate and "turn over" of the new data transcribers during the period from 1998 to 2001, inclusive, with relative gender and race statistics.

(7)    The Civil Rights Compliance Reports for the Doraville Processing Center from 1998 to 2002.  Also for the Treasury during this period.

(8)    The number and copies of the reports filed as per the Restructuring and Reform Act of 1998 of the Treasury Department for the period from 1998 to 2002.

(9)    The manuals for processing the relative 1040, 1040A, and 1040EZ tax returns for each year of 1999, 2000, and 2001.

(10)   The training manuals and relative videos for the training of data transcribers for 1999, 2000, 2001.  Also any related amended corrections to said manuals.

(11)   The procedural manuals for the Code and Edit division at the Doraville Processing Center for 1999.

(12)   The listing of Data Transcribers for the Doraville Processing Center by statistical ratios of gender and race for each tax season of 1999, 2000, 2001, and 2002.

(13)   The official IRS job descriptions and duties of the following positions:  Data Transcriber; Conversion Branch Manager; Conversion Branch Supervisor; Code and Edit employee; and Conversion Branch Load.

(14)   Statistical data of all settled or pending civil action/lawsuits against the US Treasury from 1998 to 2002.

(15)   The Treasury's outline and procedure for restructuring as labeled "Leading in the New IRS" during the period between 1999-2001 tax seasons.

(16)   The IRS record of changes to the rules and procedures as to be reflective and needed for the changes to tax law and filing procedures.

(17)   The list of documents that the IRS/Treasury included as part of the "system of records" maintained by the Treasury for employees.

(18)   The IRS/Treasury's official procedure for processing violations of insubordination and for the disclosure of violations to rules, regulations, and laws.  The IRS's official procedure for filing and processing of such complaints.

> (19) The documentation/proof of calls made to the Treasury Union as reportedly made by plaintiff which were included in the Treasury EOP File 02-1135.
> (20) The "file on Steven Ivey" or the list of its contents as referenced by Linda Ferguson in her testimony for the EOP File 02-1135.
> (21) The consent documentation of Jennifer Smith for use of information of her as used by Kelly Mancle for the EOP 02-1135 file.

(Compl. pp. 3–4.)

2. On September 26, 2005, plaintiff submitted an amended complaint wherein plaintiff stated:

> In addition to the original FIOA [sic] complaint, the plaintiff request[s] the following documentation/information:
>
> (a) The Restructuring and Reform Act of 1998 (RRA98) forms for filing a complaint and the associated form for the processing of complaints.
> (b) Compliance reports as per the RRA98 from 1998 to 2001.
> (c) The number of data transcribers terminated from the Doraville, GA. IRS processing center terminated for rating for the 1998, 1999, 2000, 2001, and 2002 tax season. Similarly the number of data transcribers terminated for reasons other than rating.
> (d) The total number of employees terminated from all departments from 1998 to 2002 at the Doraville, Ga. IRS processing center.
> (e) The list of employees for the Doraville, Ga. IRS processing center for the years 1998 - 2002.
> (f) The position, name, and contact address for the Treasury employee responsible for settling payments under 5 USCS 7701.

      (g)    Treasury Department EEOC compliance reports fro [sic] the years 1998 to 2002.
      (h)    The records of incentive pay of the plaintiff, Steven Ivey, for the period of employment.
      (i)    The records of total incentive pay allocations for the Doraville, Ga. IRS processing center from 1998 to 2002.
      (j)    The verification/consent form of Jennifer Smith for the use of personal and personnel file as submitted by Kelly Mancle in the treasury EOP file 02-1135.
      (k)    The list of employees that received sexual material/invitation as referenced in the TIGTA file (Defendants Exhibit O for case 04-0214 US Dist. Court for DC).
      (l)    The affidavits of Judy Jordan, Wanda Daniels, and Kelly Mancle as referenced by Pam Blackburn, p. 3 of the TIGTA file Kathleen Bushnell of the Submission Processing Post Processing Division.
      (m)    Correspondence to the US Treasury to Laura Sauer of the DOJ concerning the Treasury EOP file 02-0412.

(Amend. Compl. pp. 1–2.)

    3.    Although neither plaintiff's complaint nor plaintiff's amended complaint states that the information had been requested pursuant to a FOIA/PA request, the Internal Revenue Service has identified three separate requests for information that the Service processed as FOIA/PA requests. (Keys Decl. ¶ 6.)

    4.    These three requests were dated April 19, 2004, June 24, 2004, and April 4, 2005. (Keys Decl. ¶¶ 7–14 & Exs. A, C & D.)

    5.    Plaintiff's first request for information was made in the form of a letter dated April 19, 2004 addressed to Peggy Higgins c/o Kenneth Bates in the U.S. Office of

Personnel Management ("OPM").  In that letter, plaintiff requested "all records on the plaintiff, Steven G. Ivey as submitted to your office by the Department of the Treasury/IRS for my employment beginning January 1991."  Plaintiff also requested, "documentation that had to be submitted before and in approval of being employed as well as any documentation after the plaintiff's termination on March 7, 2001."  Finally, plaintiff requested "the OPM's rules and regulations concerning the future employment of an individual who has been as defined by the Dept. of Treasury/IRS as 'separated/probation' from the Agency."   (Keyes Decl. ¶ 7 & Ex. A.)

      6.     Plaintiff's April 19, 2004 letter was forwarded to the Service's Headquarters Disclosure Office in Washington, D.C. where it was processed as a FOIA/PA request on September 8, 2004.  After searching without success for records responsive to plaintiff's request, by letter dated April 15, 2005 the Headquarters Disclosure Office informed plaintiff that it needed "additional information from you to help us locate the employment records; such as the office you worked, post of duty, position title, series, grade and any other information that might be helpful."  The Headquarters Disclosure Office further informed plaintiff that if he did not provide the additional information by May 6, 2005, his case would be closed.  (Keyes Decl. ¶ 8 & Ex. B.)

7. Plaintiff did not reply to the Service's April 15, 2005 letter. Therefore, the Headquarters Disclosure Office closed plaintiff's FOIA/PA request on May 11, 2005. (Keyes Decl. ¶ 9.)

8. Plaintiff's second request for information was made in the form of a letter dated June 24, 2004, addressed to Yvonne Woods, Workforce Relations Consultant, Internal Revenue Service, US Department of the Treasury, Chamberlee, Georgia. In that letter, plaintiff requested: (1) the address of the Regional Representative for the Doraville Processing Center; (2) the name of the Regional Supervisor for the Doraville Processing Center; (3) the Legal Representative for the Union at the Doraville Processing Center and the Regional Division; (4) any and all files pertaining to Steven Ivey both as a system of records and for the processing of the mentioned claim; and, (5) the definition of the role of the Union with regards to the Treasury or government. (Keyes Decl. ¶ 10.)

9. Plaintiff's June 24, 2004 letter was forwarded to the Service's Atlanta Disclosure Office for processing. The Atlanta Disclosure Office, in turn, forwarded plaintiff's request to the Service's Headquarters Disclosure Office where it was received and processed as a FOIA/PA request. (Keyes Decl. ¶ 11.)

10. On or about October 5, 2004, the Headquarters Disclosure Office informed plaintiff by telephone that his request did not include an agreement to pay the fees

associated with the Service's processing of his request.  The Headquarters Disclosure Office further informed plaintiff that, unless he agreed to enter into a fee agreement, his request could not be fulfilled.   (Keyes Decl. ¶ 12.)

11. On February 2, 2005, the Headquarters Disclosure Office closed plaintiff's June 24, 2004 FOIA/PA request for failure to enter into a fee agreement.  (Keyes Decl. ¶ 13.)

12. Plaintiff's third request for information was made in the form of a letter dated April 4, 2005, addressed to the Service's Headquarters Disclosure Office.  In his letter, plaintiff stated that "I am requesting information under the FOIA and the Privacy Act of 1974 relating to my employment at the IRS Processing Center in Doraville, GA.  I am also requesting related manuals for tax processing and department procedures for varies [sic] disclosures and employee conduct during my employment from 1998 to 2001."  Further, plaintiff requested the following records:

> (1) From the attached document from the Commissioner's Complaint Processing and Analysis Group I am requesting the information under the blackened areas. These are particularly the names of accussors [sic] which I have a right to know as the accusations are false and, additionally, relative to civil actions 04-0394, 04-0395, 04-0396 and 05-0176.
> (2) Copies of my last paycheck and paycheck reciept [sic] as received in March 2001.
> (3) The copy of an incentive check I received during September 2000 as a result of the program at the IRS Doraville Processing Center.

(4) The statistics/Ratio of the gender and racial of the IRS Doraville Processing Center from 1998 to 2001.

(5) The number of data transcribers at the IRS Doraville Processing Center which were terminated for "poor rating' with their relative gender and race for the period beginning 1998 to 2001, inclusive.

(6) The statistics for the rate and "turn over" of the new data transcribers during the period from 1998 to 2001, inclusive, with relative gender and race statistics.

(7) The Civil Rights Compliance Reports fro [sic] the Doraville Processing Center from 1998 to 2002. Also for the Treasury during this period.

(8) The number and copies of the reports filed as per the Restructuring and Reform Act of 1998 of the Treasury Department for the period from 1998 to 2002.

(9) The manuals for processing the relative 1040, 1040A, and 1040EZ tax returns for each year of 1999, 2000, and 2001.

(10) The training manuals and relative videos for the training for data transcribers for 1999, 2000, and 2001. Also any related amended corrections to said manuals.

(11) The procedural manuals for the Code and Edit division at the Doraville Processing Center for 1999.

(12) The listing of Data Transcribers for the Doraville Processing Center by statistical ratios of gender and race for each tax season of 1999, 2000, 2001 and 2002.

(13) The official IRS job descriptions and duties of the following positions: Data Transcriber; Coversion [sic] Branch Manager; Conversion Branch Supervisor; Code and Edit employee; and Conversion Branch Lead.

(14) Statistical data of all settled or pending civil action/lawsuits against the US Treasury from 1998 to 2002.

(15) The Treasury's outline and procedure for restructuring as labeled "Leading in the New IRS" during the period between 1999-2001 tax seasons.

(16) The IRS record of changes to the rules and procedures as to be reflective and needed for the changes to law and filing procedures.

>   (17)   The list of documents that the IRS/Treasury included as part of the "system of records" maintained by the Treasury for employees.
>   (18)   The IRS/Treasury's official procedure for processing violations of insubordination and for the disclosure of violations to rules, regulations, and laws.  The IRS's official procedure for the filing and processing of such complaints.

(Keyes Decl. ¶ 14 & Ex. D.)

    13.    By letter dated May 25, 2005, the Headquarters Disclosure Office responded to plaintiff's April 4, 2005 request.  In its response, the Headquarters Disclosure Office informed plaintiff that his request "is considered imperfect because you have not agreed to pay any processing fees."  The Headquarters Disclosure Office further informed plaintiff that it was closing his request as "imperfect" but, if he still wanted the requested information, he should resubmit his request with an agreement to pay any applicable processing fees.  (Keyes Decl. ¶ 15 & Ex. E.)

    14.    Plaintiff did not resubmit his request.  (Keyes Decl. ¶ 16.)

    15.    Items numbered 1 through 18, as listed in plaintiff's complaint, are identical to that which was requested by plaintiff in his April 4, 2005 FOIA/PA request. (Keyes Decl. ¶ 16.)

    16.    The items numbered 19 through 21 listed in plaintiff's complaint were not requested by plaintiff in any FOIA or Privacy Act request.  (Keyes Decl. ¶ 16.)

17. The items listed as (a) through (m) in plaintiff's amended complaint were not requested by plaintiff in any of his three FOIA/PA requests. (Keyes Decl. ¶ 16.)

DATED: December 19, 2005

                                              Respectfully submitted,

                                              <u>/s/ Jason S. Zarin</u>
                                              JASON S. ZARIN
                                              Trial Attorney, Tax Division
                                              United States Department of Justice
                                              Post Office Box 227
                                              Ben Franklin Station
                                              Washington, DC 20044
                                              Telephone: (202) 514-0472

OF COUNSEL:

KENNETH WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Statement of Facts has been made this 19th day of December, 2005, by mailing, postage prepaid, addressed to:

>Steven Ivey
>7611 South Orange BL TR
>Suite 278
>Orlando, FL 32809

/s/ Jason S. Zarin
_____
JASON S. ZARIN