IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN IVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 05-1095 EGS |
| ) | |
| JOHN SNOW, SECRETARY OF ) | |
| THE TREASURY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I.   Defendant Is an Improper Party Under Both the Privacy Act and the Freedom of Information Act.**

The Court should dismiss this case against Secretary Snow and substitute the IRS as the proper defendant.

*A.   The Privacy Act*

The only proper defendants under the Privacy Act (5 U.S.C. § 552a) are federal agencies, not individuals.  See, e.g., Connelly v. Comptroller of the Currency, 876 F.2d 1209, 1215 (5th Cir. 1989); Schowengerdt v. Gen. Dynamics Corp., 823 F2d 1328, 1340 (9th Cir. 1987); Armstrong v. United States Bureau of Prisons, 976 F. Supp. 17, 23 (D.D.C. 1997); c.f., Stone v. Def. Investigative Serv., 816 F. Supp. 782, 785 (D.D.C. 1993) (recognizing that individuals may only be defendants under the criminal penalty

provisions of the Privacy Act). Accordingly, the Department of Treasury should be substituted as a proper party defendant and the case dismissed against Secretary Snow.

B.   *The FOIA*

Similarly, individuals are also not proper defendants under the Freedom of Information Act. In a FOIA action, the only proper defendants are federal departments and agencies. This stems from the plain-language of the Act, which vests the district courts with jurisdiction to enjoin "the agency" from withholding records. 5 U.S.C. § 552(a)(4)(B). Accordingly, the case must be dismissed as to defendants Mark Huneke and Richard Behm. See, 5 U.S.C. § 552(f); 5 U.S.C. § 552a(g)(1)(B); Thompson v. Walbran, 990 F.2d 403, 405 (8th Cir. 1993); Petrus v. Bowen, 833 F.2d 581, 582 (5th Cir. 1987).

II.  **Plaintiff Did Not File Proper FOIA and/or Privacy Act Requests, and Accordingly, Failed to Exhaust His Administrative Remedies.**

A.   *Before Bringing Suit, the Plaintiff Must First File Proper FOIA and/or Privacy Act Requests.*

The courts have unanimously held that before filing an action to enforce a FOIA or Privacy Act request, the requestor must <u>first</u> exhaust his administrative remedies by filing proper requests that comply with the agency's procedural rules. See, Church of Scientology of California v. IRS, 792 F.2d 146, 150-151 (D.C.Cir. 1986); Brumley v. Department of Labor, 767 F.2d 444 (8th Cir. 1985) (FOIA); Haase v. Sessions, 893 F.2d

370, 373 (D.C. Cir. 1990) (Privacy Act).  Moreover, as the Court of Appeals for this Circuit, "recently had occasion to state in the clearest of language, '[e]xhaustion of such [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review.'"  Dettmann v. U.S. Department of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986) (quoting Stebbins v. Nationwide Mutual Insurance Co., 757 F.2d 364 (D.C. Cir. 1984)); Brumley, supra; Hedley v. United States, 594 F.2d 1043, 1044 (5th Cir. 1979); Oglesby v. U.S. Department of the Army, 920 F.2d 57, 61-62 (D.C. Cir. 1990).  Indeed, the requirements for compliance with agency procedures is even stricter in Privacy Act matters than in FOIA matters.  See, Nurse v. Sec'y of the Air Force, 231 F. Supp. 245, 256 (D.D.C. 2002) (holding that Privacy Act requests must describe the records more specifically than that required of FOIA requests).  Requesters must also comply with the agency's fee requirements.  See, Crooker v. United States Secret Service, 577 F. Supp. 1218, 1219 (D.D.C. 1983).

For requests made under the Privacy Act, the Department of the Treasury requires that the reqeuster identify the system of records to be searched and to "describe the nature of the records sought in sufficient detail to enable personnel to locate the system of records containing the record with a reasonable amount of effort." 31 C.F.R. §§ 1.26(d)(1)(iii) & (iv).  For FOIA requests, the Internal Revenue Service requires that the requester reasonably describe the records and state that he agrees to

pay the fees for the search, duplication, and review or request that the fees be reduced or waived.  26 C.F.R. § 601.702(c)(4).

B.      *Plaintiff's Requests Were Improper.*

Plaintiff's requests were improper regardless of whether they are treated as FOIA or Privacy Act requests because he did not meet the minimum procedural requirements required by the Department of the Treasury or the Internal Revenue Service.

*(1)     The April 19, 2004, Request*

The Internal Revenue Service attempted to locate documents responsive to this request but was unable to do so. (Stat. of Facts ¶ 6.)  Accordingly, by letter dated April 15, 2005, the Disclosure Office requested that plaintiff provide additional information to assist them in locating responsive documents, such as identifying the office in which he worked. (Ibid.)  Plaintiff did not provide any additional information.  (Ibid.)

*(2)     The June 24, 2004, Request*

On or about October 5, 2004, the Disclosure Office informed plaintiff that his FOIA request did not include an agreement to pay the copying and search fees. (Stat. of Facts ¶ 10.)  Plaintiff did not enter into such an agreement. (Stat. of Facts ¶¶ 10–11.)

(3)  *The April 4, 2005, Request*

By letter dated May 25, 2005, the Disclosure Office informed plaintiff that because he did not agree to pay the required processing fees, his request was "imperfect" and that it would close the request unless he resubmitted it with an agreement to pay the fees. (Stat. of Facts ¶ 13.) Plaintiff did not resubmit the request. (Stat. of Facts ¶ 14.)

For all three requests, the Internal Revenue Service informed plaintiff what the particular procedural deficiency was, and provided him information on how to correct the request and an opportunity to correct it. In each case, plaintiff refused to submit a corrected, sufficient FOIA/Privacy Act request. Accordingly, he failed to exhaust his administrative remedies, and the Court should dismiss this action.

C.  *Plaintiff Did Not Submit a FOIA Request for Items 19–21 in the Complaint or for Any of the Documents Listed in the Amended Complaint.*

Plaintiff did not file any FOIA or Privacy Act requests with the Internal Revenue Service for items 19–21 in the complaint or for any of the items in the amended complaint. Because no FOIA or Privacy Act requests were filed, plaintiff failed to exhaust his administrative remedies, and the Court lacks subject-matter jurisdiction over these items. See, Church of Scientology of California v. IRS, 792 F.2d 146, 150-151 (D.C.Cir. 1986); Brumley v. Department of Labor, 767 F.2d 444 (8th Cir. 1985) (FOIA); Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990) (Privacy Act).

## CONCLUSION

Plaintiff's FOIA and Privacy Act requests at issue in this case were incomplete and procedurally deficient. Moreover, plaintiff did not submit FOIA or Privacy Act requests for items 19–21 in the complaint or for any of the documents requested in the amended complaint. Accordingly, plaintiff did not exhaust his administrative remedies before filing suit, and the Court should dismiss this case for lack of subject-matter jurisdiction.

DATED:   December 19, 2005

        Respectfully submitted,

        /s/ Jason S. Zarin
        JASON S. ZARIN
        Trial Attorney, Tax Division
        United States Department of Justice
        Post Office Box 227
        Ben Franklin Station
        Washington, DC 20044
        Telephone: (202) 514-0472

OF COUNSEL:

KENNETH WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Memorandum of Law in Support of the Defendant's Motion for Summary Judgment has been made this 19th day of December, 2005, by mailing, postage prepaid, addressed to:

> Steven Ivey
> 7611 South Orange BL TR
> Suite 278
> Orlando, FL 32809

/s/ Jason S. Zarin
_____
JASON S. ZARIN