## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,

      Plaintiff,

          v.

JOHN SNOW, Secretary,
United States Department of Treasury,

      Defendant.

Civil Action No.  05cv1095 (EGS)

## ORDER

Defendant has filed a motion for summary judgment.  Because a ruling on defendant's motion potentially could dispose of this case, the Court hereby advises the *pro se* plaintiff of his obligations under the Federal Rules of Civil Procedure and the rules of this Court.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion.  "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case."  *Id*. at 509.  In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."  *Id*. at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The court specified that the "text of Rule 56(e) should be part of the notice" issued to the

*pro se* litigant. *Id*. Under Rule 56(e) of the Federal Rules of Civil Procedure:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set
> forth such facts as would be admissible in evidence, and shall show affirmatively that
> the affiant is competent to testify to the matters stated therein. Sworn or certified
> copies of all papers or parts thereof referred to in an affidavit shall be attached thereto
> or served therewith. The court may permit affidavits to be supplemented or opposed
> by depositions, answers to interrogatories, or further affidavits. When a motion for
> summary judgment is made and supported as provided in this rule, an adverse party
> may not rest upon the mere allegations or denials of the adverse party's pleading, but
> the adverse party's response, by affidavits or as otherwise provided in this rule, must
> set forth specific facts showing that there is a genuine issue for trial. If the adverse
> party does not so respond, summary judgment, if appropriate, shall be entered against
> the adverse party.

Fed. R. Civ. P. 56(e). Thus, parties, such as plaintiffs, who are adverse to a motion for summary

judgment must rebut the moving party's affidavits with other affidavits or sworn statements;

simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient.

For these purposes, a verified complaint shall serve as an affidavit. *See Neal*, 963 F.2d at 457-

58.

Accordingly, it is hereby

ORDERED that plaintiff shall file his opposition or other response to defendant's

summary judgment motion not later than **January 20, 2006**. If plaintiff fails to respond by this

date, the Court may treat the motion as conceded. Defendant shall file a reply, if any, not later

than **February 3, 2006**.

SO ORDERED.

Signed:        EMMET G. SULLIVAN
               United States District Judge

Dated:         December 20, 2005