UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,                                )
7611 S. Orange Bl. Tr., #278                )
Orlando, FL, 32809,                         )
                                            )
     Plaintiff,                            )
                                            )   Civil Action No. 05-1095-EGS
     V.                                    )
                                            )
                                            )
U.S. DEPT. of the TREASURY,                 )
1500 Pennsylvania Ave, NW                   )
Washington, DC, 20220,                      )
                                            )
     Defendant.                            )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1.     Given the accompanying "Motion for Name Change of Defendant," the plaintiff now moves to request judgment for the plaintiff in order to obtain the documentation in question from the US Department of the Treasury.

### CHRONOLOGICAL HISTORY

From plaintiff's exhibits:

2.     Exhibit #1 is the beginnings of the requested information,

1

05/10/04. Partial request initially were to be from both the Office of Personnel Management (OPM) and the IRS/US Treasury. The letter states direction of proper referral for information depending on request.

3.  Exhibit #2, this is the defendant's acknowledgement of the plaintiff's request for records/manuals/documentation, 06/28/04.

4.  Because of the length of time that had exceeded the normal time limits for reply to the plaintiff's request, the plaintiff submitted, exhibit # 3, on 04/04/05. This addresses the request to FOIA Office of Disclosure. Specifically, this was addressed to Maureen Sapero as per direction from exhibit # 1 since no response was sent from Symeria Rascoe of exhibit # 2.

5.  Dated 04/15/05 a letter from Symeria Rascoe in reply to the initial request of 04/19/04. This is in addition to the OPM informing the defendant of the request. There is no reference to the reasons delay for the prior request or any problems associated with the those request. This letter states that identification items of the plaintiff are needed. However, much of the information requested are manuals and documentation that are available to the general public upon request with no personal identification information needed by the requester.

6.  Exhibit # 5 makes reference to exhibit # 3. This letter dated

2

05/25/05 makes stipulates the need for the plaintiff to agree to pay any fees for the processing of the plaintiff's request.

This response dated 05/25/05 from the defendant came after the plaintiff filed the civil action herein as an effort to make it appear that the defendant had followed proper FOIA/Privacy Act procedure.

7. Exhibit # 6, dated 06/03/05 is a letter from the plaintiff to the defendant in response to Exhibit # 5. In this letter the plaintiff agrees to pay for necessary fees with restraint given to excessive totals. The plaintiff also questions why there was no mention of the need for any fees prior to sending the plaintiff a notice of closure. There is no reference made to why the response took more than the normal time and with no notice for extension of time.

This exhibit also explains the significant relevance of the plaintiff's request to the related civil actions.

8. In response to the denial of exhibit # 6 and for further clarification with the Court, the plaintiff submitted exhibits # 7, #8 and # 9, dated 09/27/05, 10/10/05, and 10/11/05. These three exhibits list the FOIA/Privacy Act request and the plaintiff's agreement to pay related fees.

9. Because the normal time frame had expired for the request for the initial request and any subsequent request the plaintiff submitted an

3

administrative appeal on 11/14/05, exhibit # 10, as per 28 C. F. R. 16 .

10.         From exhibit # 11 the defendant instructs the plaintiff to contact the Doraville Processing Center (GA) for certain requested information because it is stipulated that the Headquarters does not maintain the records. This letter is past due. This letter is an effort to avoid supplying the requested documentation and give the appearance that the defendant followed proper FOIA/Privacy Act procedure when it, in fact, did not.

*(For the Court's reference from related case 04-0214 in this Court the defendant stated that certain records that were requested were needed to be done through the DC Headquarters because after an employee leaves the US Treasury the records are sent to the Headquarters and or DC jurisdiction.)*

11.         To further establish that the defendant has made extensive efforts to deny the plaintiff's request; the plaintiff made as per any of the instruction of the defendant the FOIA/Privacy Act request, with exhibits # 12 and # 13, dated 12/06/05 and 1/18/05. The request and subsequent administrative appeal were made to the Disclosure Office in Georgia where the Doraville Processing Center in located. This in addition to the prior request and appeal.

## STATEMENT OF FACTS

12.         All document request as made in the plaintiff's exhibits have

4

been requested as per the FOIA/Privacy Act regulations. The documents, records, manuals, and personnel information as requested for the case herein has also been requested for related cases 04-0394, 04-0395, and 04-0396 in Northern Georgia District Court wherein the defendant refuses to supply them.

13.  The information which requires more personal identification of the plaintiff as stipulated in exhibit # 4, is located in facilities in St. Louis, MO. This documentation covers such information as maintained by the OPM. The plaintiff processed such information as such.

All other request can be supplied without such additional identification because it represents documentation that the defendant has and is readily available to the public. Other request are made for information from compliance reports; statistical data of the workforce; reports pursuant to the Restructuring and Reform Act of 1998; etc. as required by the defendant upon request.

14.  From exhibit # 2 the defendant states that it can extend the time limit of 20 days to an additional 10 days. However, this was extended for longer periods. From exhibit # 4 the reference to the initial request as this letter was from 04/19/04 to 04/15/05, approximately one year later.

5

15. Because the plaintiff had not received a reply from the defendant for approximately one year the plaintiff filed a civil action on 05/02/05. This extensive delay represents a directed refusal to not supply requested documentation.

16. From exhibit # 5 as compared to exhibits # 2 and # 4 there was no mention of any fee requirement. It states the closure of the plaintiff's request and to resubmit the request without the opportunity to reply with corrections first.

This was sent 05/25/05, after the plaintiff had file the civil action herein. This action represents substantial suspicions of the defendant Attempts to sabotage the request and the related civil actions pending against the defendant.

17. The plaintiff replied to the defendant with exhibit # 6 asking for reasons why the fees requirement was not made sooner. The plaintiff also supplied further details of the FOIA request as related to the civil actions with the defendant and agreed to pay fees.

18. To demonstrate for the Court the defendant's refusal to comply with FOIA request, the plaintiff submitted the initial and amended request for FOIA/Privacy Act request with exhibits #7, # 8, and # 9. These were

6

dated 09/27/05 - 10/11/05. The plaintiff agreed to pay for fees related to the request.

19. After waiting more than the time limit of 20 days in which there was no reply from the defendant, the plaintiff sent exhibit # 10, an administrative appeal on 11/14/05 to the Office of Disclosure in Washington, DC. All prior request were made to DC.

20. On 12/01/05 the defendant sent the plaintiff exhibit # 11. This response is past the time limit and after the plaintiff sent an administrative appeal, exhibit # 10. The response only addresses a limited part of the plaintiff's FIOA /Privacy Act request. It also stipulates that the documentation requested should be requested from the Doraville Processing Center. This is in contrast the experience of the plaintiff in making FOIA/Privacy Act request as used for the related case 04-0214 in this Court. This also contrast request made with the OPM.

21. The plaintiff for evidentiary and request purposes for this case did, with exhibit # 12, make the FOIA/Privacy Act request from the Disclosure Office in Georgia for the location of the Doraville Processing Center, on 12/06/05.

22. After waiting past the required time limit with no response from

the Georgia Disclosure Office, the plaintiff requested an administrative appeal, exhibit # 13, on 01/18/05.

23.     The defendant for any and all request has, to date, not supplied any of the FIOA/Privacy Act request. All request have been repeatedly made by the plaintiff with any fees or other request being made as requested.

24.     The defendant did not suggest or allow the plaintiff to review the records to help facilitate the request.

## ARGUMENT

25.     For related case in this Court, 04-0214, the defendant supplied a compliant file of the Commissioner's Complaint Processing and Analysis Group, plaintiff exhibit # 3, p. 4 - 10, and defendant exhibit # C. This document is a false document because it refers to affidavits of IRS employees made in August 2002 as having been made prior to February 2001. The defendant wants to prevent similar situations by denying the plaintiff further, FOIA/Privacy Act request. The discriminatory effect of the denial of the plaintiff's request for this case is an attempt to influence the related cases pending concerning the plaintiff's civil and Constitutional Rights. Therefore, the defendant by these actions is

8

attempting to obstruct justice because, to constitute violation of obstruction of justice, including 18 USCS § 1505, it is not necessary that conduct alleged be per se illegal in and of itself. **United States v. Mitchell** (1973, SD NY) 372 F Supp 1239, app dismd (1973, CA2 NY) 485 F2d, 1290.

26.     The defendant has made no justifiable attempts to supply any requested information. The defendant has chosen to misread the request so as to deny fulfilling any of the plaintiff's request. Much of the request are readily available as public information. The defendant is required upon request from any person to supply the requested compliance reports. Thus the defendant is in violation of these requirements for not supplying the reports listed.

27.     The defendant took excessive amounts of time to response to the plaintiff's request. This is in violation of the FOIA/Privacy Act. The defendant only responded because of pending civil action herein for the request. The defendant has repeated this behavior, not only for this the case herein but in the related cases and, additionally, when the plaintiff was employed with the defendant. This is evidence as per **Federal Rules of Evidence § 406** in that the defendant's behavior and habits raise suspicions of obstruction of justice based in discrimination.

28. The defendant's claim that the plaintiff did not file proper request and did not make corrections as requested is improper. The plaintiff proceeded similarly, as with related case 04-0214. All discrepancies have been made when given the opportunity. For further evidence the plaintiff requested the documentation to the Washington, DC and Chamblee, GA Disclosure Offices. The plaintiff has followed up these request with administrative appeals. The defendant has failed to respond or comply. The defendant has not followed proper procedure for time limits only to send replies after the plaintiff had filed a civil action in an effort to resolve the request.

29. Since much of the information request does not pertain to the plaintiff directly there is no reason for the defendant's denial under the Privacy Act. Many of the request are made under the FOIA for US Treasury requirements of processing compliance reports and manuals. These items are readily available and are identifiable to the defendant because of there routine use.

30. From plaintiff's exhibit # 11 can be seen the fact that the defendant did in fact differentiate the list of requested information because it instructed the plaintiff to contact the Doraville Processing Center for

10

payroll information. This means that other requested information, in the Washington, DC, office could have been forwarded to the plaintiff. The demonstrates an intentional denial of request the plaintiff's request. This continues to demonstrate an evidentiary pattern of adverse behavior towards the plaintiff as per **Federal Rules of Evidence § 406.**

31.     The plaintiff did send agreement statement to pay for the processing of the request as stipulated in plaintiff's exhibits # 6, 8, 9, and 12.

## CONSLUSION

32.     The defendant has refused to supply any requested documentation under any circumstances, even with corrections. The defendant now request to dismiss this case as a result. However, even for the demonstration for the Court the plaintiff has requested the information two subsequent times but the defendant has still not supplied any requested documentation. This demonstrated that the defendant is willful and intentional in denying the plaintiff's request which suggest a larger more improper issue of the defendant in relation to denial of the request because the defendant is not operating within the proper normal regulations of the

11

FOIA/Privacy Act. This behavior has been continuous in relation to the plaintiff raising issues of obstruction of justice. Therefore the Court should order the defendant to supply to the plaintiff the requested documentation and/or set a method by which the request can be fulfilled.

## Certification of Service

The attached document was sent by certified mail to:

Office of the Clerk
US District Court for DC
333 Constitution Ave, N.W.
Washington, DC, 20001

And by regular mail to:

Jason Zarin
US Dept. of Justice
PO Box 227
Ben Franklin Station
Washington, DC, 20044


_____1-21-_____          _____/s/ Steven Ivey_____
   Date                              Steven Ivey
                                     Plaintiff