IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN IVEY, | ) |
|        Plaintiff, | ) |
| v. | ) Civil No. 05-1095 EGS |
| JOHN SNOW, SECRETARY OF THE TREASURY, | ) |
|        Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

This case is brought by Plaintiff pursuant to the Privacy Act and the Freedom of Information Act (FOIA) in which Plaintiff alleges that Defendant refused to supply requested records and files. At the time Plaintiff filed his complaint, plaintiff had filed three requests for information that were classified by the Service as FOIA/Privacy Act requests. In his initial complaint, Plaintiff referenced several items for which he had not filed any FOIA or Privacy Act requests with the Internal Revenue Service. Plaintiff subsequently filed an amended complaint also seeking information for which he had not filed any FOIA or Privacy Act requests with the Internal Revenue Service.[1] Defendant moved for summary judgment asserting that (1) Plaintiff had not submitted proper FOIA and/or Privacy Act requests; and (2) Plaintiff had not submitted a FOIA request for certain items in his initial complaint or for any of the documents requested in his amended complaint. Because Plaintiff had not exhausted

---

[1] What purports to be an amended complaint and response to Defendant's answer was filed after the answer and without leave of Court per Rule 15 of the Federal Rules of Civil Procedure. Therefore, it is a nullity.

his administrative remedies, Defendant asserted that Plaintiff's complaint should be dismissed.

In his opposition, Plaintiff raises arguments regarding several FOIA requests filed subsequent to the filing of his amended complaint. Plaintiff also asserts that Defendant did not respond to his FOIA requests in a timely manner in accordance with FOIA procedures. Defendant submits this reply to address only these points raised in Plaintiff's opposition and otherwise relies upon the motion and memorandum in support of its motion to dismiss.

**A.   Plaintiff is precluded from raising new or additional counts in his responsive pleading to Defendant's motion for summary judgment.**

In his opposition, Plaintiff raises arguments regarding several FOIA requests filed subsequent to the filing of his complaint (see Pl. Opp. ¶ ¶ 18-24).[2] Initially, the Court has no jurisdiction over these requests because they were submitted after the complaint was filed, as well as after the purported amended complaint. Although the Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedures, this standard does not allow plaintiffs to raise new claims at the summary judgment stage. Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1314 (11th Cir. 2004); Hawana v. City of New York, 230 F.Supp.2d 518,534 (S.D.N.Y. 2002). To permit a plaintiff to raise new claims for the first time in opposition

---

[2] It is unclear from Plaintiff's opposition what he is actually claiming. Several times he mentions that there was no request for a promise to pay for fees in Exhibit 5 to his opposition, yet it is there in paragraph 2. He contends that Exhibit 6 to his opposition is a promise to pay fees. A careful reading of Exhibit 6 reveals it is not a firm promise to pay fees but has conditions attached.

to summary judgment would subject the defendant to unfair surprise. Tucker v. Union of Needletrades, 407 F.3d 784, 788 (6th Cir. 2005). Accordingly, Plaintiff's new claims raised in his opposition to Defendant's motion for summary judgment should not be considered by the court.

**B.    This Court lacks subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies.**

A plaintiff wishing to sue an agency under the FOIA or the Privacy Act must exhaust all administrative remedies before filing suit. Dale v. Internal Revenue Service, 2002 WL 31598191, *3 (D.D.C. 2002) (FOIA); Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990) (Privacy Act). The FOIA requires that a party must present proof that he has exhausted all administrative remedies prior to seeking judicial review. Hedley v. United States, 594 F.2d 1043, 1044 (5th Cir. 1979).

If an agency fails to answer a request within 20 days, the FOIA deems the requester to have constructively exhausted administrative remedies and permits immediate judicial review. Flowers v. Internal Revenue Service, 307 F.Supp. 2d 60, 66-67 (D.D.C. 2004). However, only a valid FOIA request can trigger an agency's FOIA obligations and a failure to file a perfected request constitutes failure to exhaust administrative remedies. Id. See also Dale, supra at *3; Kessler v. United States, 899 F.Supp. 644, 645 (D.D.C. 1995). In his opposition, Plaintiff also asserts that Defendant took excessive amounts of time to respond to Plaintiff's FOIA requests.(see Pl. Opp. ¶ 27). However, an agency's obligations only commence upon receipt of a valid request. Dale, supra, at *3. In this case, Plaintiff did not file perfected FOIA requests. (See Def.

Mem. in Supp. of Def. Mtn. For Sum. Jud. ¶ II. A-C.).  Accordingly, Plaintiff failed to exhaust his administrative remedies and the Court should dismiss this action.

## CONCLUSION

For the reasons asserted in Defendant's motion for summary judgment and the arguments presented herein, Defendant respectfully requests that the Court grant its motion for summary judgment.

DATED: February 3, 2006

                                              Respectfully submitted,

                                              /s/ Brittney N. Campbell
                                              BRITTNEY N. CAMPBELL
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              Post Office Box 227, Ben Franklin Station
                                              Washington, D.C.  20044
                                              Telephone: (202) 353-2260

OF COUNSEL:
ROSCOE C. HOWARD, JR.
United States Attorney
District of Columbia

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Defendant's Reply has been made this 3rd day of February, 2006, by mailing, postage prepaid, addressed to:

> Steven Ivey
> 7611 South Orange BL TR
> Suite 278
> Orlando, FL 32809

/s/Brittney N. Campbell

BRITTNEY N. CAMPBELL