# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN IVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 05-1095 *EGS* |
| V. | ) | |
| | ) | |
| | ) | |
| US DEPARTMENT OF THE | ) | |
| TREASURY, | ) | |
| | ) | |
| Defendant. | ) | |

## INFORMAL  MEMORANDUM

### BACKGROUND

May 2, 2005 the plaintiff filed the above titled civil action based on the failure of the defendant to supply requested documentation. Additionally, the request under the FOIA/Privacy Act is primarily documentation that was requested as part of discovery for related civil actions between the plaintiff and the defendant whether as the US Treasury or John Snow, Treasury Secretary.

The defendant has repeatedly denied the request of the plaintiff sighting such reasons as improper request due to failure to pay fees and or improper venue for such request. The plaintiff has, consequently, repeatedly made the request to whatever disclosure site/office that was given in any prior refusals of the defendant to comply.  This has left a trail of request and subsequent appeals from the denial to comply starting in the defendant's (1) Washington , DC office; (2) to the Chamblee, GA disclosure office; (3) to a Ogden, UT disclosure office; and (4) to a Fresno, CA  disclosure office.  The procedure for each has been followed and the periods for each has elapsed.   This plaintiff has continued this request as the processing of this complaint has proceeded so that the Court can now see that the defendant has made no effort to honor any request from the plaintiff even in the face of the Court's review.

## EXPLANATION OF EXHIBITS

( Note: The following exhibits continues from the plaintiff's January 21, 2006, Response to Defendant's Motion for Summary Judgment ending with an exhibit #13.  The plaintiff also makes reference the prior exhibits to avoid duplication of paperwork herein.)

**EXHIBIT 14,** dated April 19, 2004 from the OPM informs the plaintiff that part of the list of request under the FOIA should be made to the Office of Disclosure for the IRS in Washington, DC as indicated. Thus, this is what the plaintiff did.

**EXHIBIT 15,** this is a duplicate appeal to the Washington, DC, US Treasury disclosure office concerning the request as previously referenced in exhibits # 3, 7, 8, and 9. The origination of these request are from almost a year prior to filing this civil action.

**EXHIBIT 16,** this is a letter from Symeria Rascoe, DC disclosure office, dated December 1, 2005 refers to the past FOIA request but is long overdue. The original request were made during 2004 in particular for request of the processing the related civil actions. This letter informs the plaintiff that the requested information should be made to the Doraville, GA, processing center.

**EXHIBIT 17,** this letter dated December 1, 2005, contains the similar instruction as that of EXHIBIT 16.

**EXHIBIT 18,** dated December 12, 2005 is the list of the plaintiff's request being made to the Chamblee, GA disclosure office. It represents all the information that had been requested to the DC office and prior request.

3

**EXHIBIT 19,** dated January 18, 2006 is the appeal made to the

Chamblee, GA disclosure office after the limitations for the FOIA request

had expired.

**EXHIBIT 20,** dated January 18, 2006 refers to the plaintiff's request,

however, it uses identity of offices as "Disclosure Office 6" or "Disclosure

Office 14 " but does not definitely label either as to which site they are.  It

might be reasonable to assume Office 6 is Washington, DC but given that

the request are being made and/or transferred to Chamblee, GA, Ogden,UT

and Fresno, CA it can not be assumed the exact location referred to with 6

or 14.  It can be seen that all letter head form whatever office bears the

Washington, DC office title.

**EXHIBIT 21,** a letter dated February 9, 2006 discusses that the disclosure

office in Ogden, UT  is closing the plaintiff's request because it determined

that the request was a duplicate of that made to the Washington, DC.  The

letter also states that the request was sent to them from

Chamblee, GA, re-routed.


### ANALYSIS

Is the bouncing around of the plaintiff's request a justification

for failure to comply to FOIA/Privacy Act request?  Is the re-routing a

4

means of intentional choice not to comply with FOIA/Privacy Act

regulations?

The defendant in related case 04-0214 concerning

FOIA/Privacy Act request did not responsd as it has for this present case.

Why is that? The plaintiff followed the same procedure. The plaintiff has

further requested much of this present information as part of discovery for

related cases 04-0394, 04-0395, and 04-0396 but the defendant has refused

to comply leading to extraneous litigation. This is suspicious.

What information that does not concern the plaintiff directly is

mostly information that is suppose to be readily available to the public upon

request. It is established as such. Additionally, any documentation that the

defendant states as being online so that the plaintiff can download it, is

erroneous. The manuals for procedures, rules, and regulations defining

data transcribers' job would not be online and/or would be for the period of

time that the plaintiff was employed at the Doraville, GA tax processing

center, 1999 -2001.

The plaintiff , as stipulated by the FOIA, has offered to go to

the areas where the information is housed and review the documentation to

help limit the amount of copying and expense involved in the gathering of

v    5

documentation. However, this request has not been mentioned or otherwise arranged/fulfilled by the defendant.

## CONCLUSION

Prior to filing this present civil action the plaintiff followed proper FOIA procedure. The defendant, however, as can be seen from the exhibits, 1-21, has taken extensive liberties in limitation periods and makes reference to request dates as being December 6, 2005 when it fact the request were made 6 months to a year prior to this date. The appeal notices have received no replies. As a means of demonstrating this pattern of behavior of the defendant the plaintiff has continued to send the request as per the defendant's instructions but the plaintiff's has received no documentation. The maneuverings of the defendant go beyond reasonable criteria for denying the plaintiff's request as stipulated by the FOIA and as with past related request. Therefore, the Court should require the defendant to honor the plaintiff's request.



United States
## Office of
## Personnel Management

Washington, DC  20415-0001

In Reply Refer To:                         Your Reference:

Mr. Steven Ivey
PO Box 15884
Chesapeake, VA 23328

APR 1 9 2004

Dear Mr. Ivey:

This is in response to your Freedom of Information Act request.  Your inquiry arrived in this office on April 13, 2004.

The Freedom of Information Act Officer for the Office of Personnel Management is

Ms. Nancy G. Miller
U.S. Office of Personnel Management
1900 E St., NW
Room 5415
Washington, DC 20415

I understand that you wish to have copies of the individual performance elements and standards for Internal Revenue Service (IRS) employees as those elements and standards have evolved over the past several years to reflect changes in the processing of tax returns.  OPM does not maintain copies of the individual performance elements and standards for employees of other agencies.  Each Federal agency maintains its own files of such records.

If you have further inquiries about performance appraisal matters, you may direct them to me.  If you have further inquiries about materials maintained by IRS, you may contact the IRS FOIA officer:

Maureen Spero
FOIA Disclosure Manager
Office of Disclosure
1111 Constitution Ave., NW
Washington, DC 20224

I am happy to have been able to respond to your interest in this matter.

Sincerely,

Peggy Higgins, Manager
Performance Management Group
Center for Pay and Performance Policy

EXHIBIT #14

CON 114-24-3
July 1995

Steven Ivey
7611 S. OBT, Ste. #278
Orlando, Fl, 32809
757-560-9485


Attn. FOIA Disclosure Director
Office of Disclosure
IRS/US Dept. of the Treasury
1111 Constitution Avenue, N.W.
Washington, DC, 20224


11/14/05


Dear Disclosure Director ,

      I am requesting an administrative appeal for my

FIOA/Privacy Act request as listed on attachment #1.  The appeal is to

included the additional request of attachment #3.  Attachment # 2 and #3 list

my agreement to pay reasonable cost and instruction for additional cost

resolutions.

      The FIOA/Privacy Act request were made to Maureen Sapero

and Symeria Roscoe dating back to May 2005.  I have sent to these any

required information repeatedly since May 2005.  Any required time has

expired.  Presently, the most recent request of information from

attachment # 1 requested September 27, 2005 has received no reply from the

1

EXHIBIT #15

Office of Disclosure which is deemed a denial of the request. Consequently,

as per 28 C. F. R. 16 I am exercising an appeal.

Please forward the requested information and /or

correspondences to the above address.

Sincerely,


Steven Ivey


2



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

Steven Ivey
7611 S. Orange Bl. Tr., Ste. #278
Orlando. FL   32809

Person to Contact:  Mrs. Rascoe
Telephone No: (202) 622-3662
Refer Reply To: SE:S:C&L:GLD:D:F/2006/00067
Date: December 1, 2005

Dear Mr. Ivey:

This is in response to your Freedom of Information Act request dated September 27, 2005, for a copy of your last paycheck and receipt received in March 2001, and other information relating to the Doraville Processing Center.

Any information or documents you seek from the Doraville Processing Center Should be directed to that office.  We do not maintain information at Headquarter concerning employee check information.

We are closing your request as imperfect, since we no information or documents that would fall within the scope of your request.

Sincerely,

Symeria R. Rascoe
Tax Law Specialist
Disclosure Office 3 – FOIA
Badge #50-05919

EXHIBIT #16



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

Steven Ivey
7611 S. Orange Bl. Tr., Ste. #278
Orlando, FL  32809

Person to Contact: Mrs. Rascoe
Telephone Number: (202) 622-3662
Refer Reply To: SE:S:CLD:GLD:D3/2006-00164
Date:  December 1, 2005

Dear Mr. Ivey:

This is in response to your Freedom of Information request dated October 11, 2005, for a copy of all information regarding the processing of complaints filed  by me on November 1999 and 2000, concerning the violation to taxpayers documents/returns and department violations.

We do not maintain centralized files concerning taxpayers at Headquarters of the Internal Revenue Service.  If there were some investigation, examination or collection action taken in reference to you, the records would be maintained at the Campus Disclosure Office or District Disclosure Office in which such action took place or where you filed your income tax returns.

If you wish to obtain copies of documents relating to you or have questions, your request should be forwarded to the appropriate district Disclosure Office or Campus Disclosure Office where you filed your income tax returns.  The request should be directed to the attention of the Disclosure Officer, and should include proper evidence of your identity and state your willingness to pay any fees which may be incurred in the processing of your request.

Your request for documents within the Treasury Inspector General for Tax Administration should be sent to their office at 1125 15th Street, NW, Suite 700, Washington, DC  20005, ATTN: Disclosure Section.

Sincerely,

Symeria R. Rascoe
Tax Law Specialist
Disclosure Office 3 - FOIA
Badge #50-05919

EXHIBIT # 17

Steven Ivey
7611 S. Orange Bl. Tr., Ste. #278
Orlando, Fl, 32809
757-560-9485

FOIA Disclosure Manager
Campus Disclosure Office
IRS/US Dept. of the Treasury
Chamblee, GA, 30341

12/06/05

Dear Disclosure Office,

                I am requesting information under the FOIA and the Privacy Act of 1974.

1. From the Commissioner's Complaint Processing and Analysis Group, I am requesting the information under the blackened areas. These are particularly the names of accusers which I have a right to know as the accusations are false and , additionally, relative to civil actions 04-0394, 04-0395, 04-0396 and 05-0176.

2. Copies of my last paycheck and paycheck receipt as received in March 2001.

3. The copy of an incentive check I received during September 2000 as a result of the program at the IRS Doraville Processing Center.

4. The statistics/ratio of the gender and racial of the IRS Doraville Processing Center from 1998 to 2001.

5. The number of data transcribers at the IRS Doraville Processing Center

1

EXHIBIT #18

which were terminated for "poor rating" with their relative gender and race for the period beginning 1998 to 2001, inclusive.

6. The statistics for the rate and "turn over" of the new data transcribers during the period from 1998 to 2001, inclusive, with relative gender and race statistics.

7. The Civil Rights Compliance Reports for the Doraville Processing Center from 1998 to 2002. Also for the Treasury during this period.

8. The number and copies of the reports filed as per the Restructuring and Reform Act of 1998 of the Treasury Department for the period from 1998 to 2002.

9. The manuals for processing the relative 1040, 1040A, and 1040EZ tax returns for each
year of 1999, 2000, and 2001.

10. The training manuals and relative videos for the training of data transcribers for 1999, 2000, and 2001. Also any related amended corrections to said manuals.

11. The procedural manuals for the Code and Edit division at the Doraville Processing Center for 1999.

12. The listing of Data Transcribers for the Doraville Processing Center by statistical ratios of gender and race for each tax season of 1999, 2000, 2001, and 2002.

13. The official IRS job descriptions and duties of the following positions:

Data Transcriber; Conversion Branch Manager: Conversion Branch Supervisor; Code and Edit employee; and Conversion Branch Lead

14. Statistical data of all settled or pending civil action/lawsuits against the US Treasury from 1998 to 2002.

15. The Treasury's outline and procedure for restructuring as labeled "

2

Leading in the New IRS " during the period between 1999-2001 tax seasons.

16. The IRS record of changes to the rules and procedures as to be reflective and needed for the changes to tax law and filing procedures.

17. The list of documents that the IRS/Treasury included as part of the "system of records" maintained by the Treasury for employees.

18. The IRS/Treasury's official procedure for processing violations of insubordination and for the disclosure of violations to rules, regulations, and laws. The IRS's official procedure for the filing and processing of such complaints.

19. The documentation/proof of calls made to the Treasury Union as reportedly made by the plaintiff which were included in the Treasury EOP File 02-1135.

20. The "file on Steven Ivey" or the list of its contents as referenced by Linda Ferguson, in her testimony for the EOP File 02-1135.

21. The consent documentation of Jennifer Smith for use of information of her as used by Kelly Mancle for the EOP 02-1135 file.

22. The Restructuring and Reform Act of 1998 (RRA98) forms for filing a complaint and the associated form for the processing of complaints.

23. Compliance reports as per the RRA98 from 1998 to 2001.

24. The number of data transcribers terminated from the Doraville, Ga. IRS processing center terminated for rating for the 1998, 1999, 2000, 2001, and

25. The total numbers of employees terminated from all departments from 1998 to 2002 at the Doraville, Ga. IRS processing center.

26. The list of employees for the Doraville, Ga. IRS processing center for the years 1998 - 2002.

3

27. The position, name, and contact address for the Treasury employee responsible for settling payments under **5 USCS 7701**.

28. Treasury Department EEOC compliance reports fro the years 1998 to 2002.

29. The records of incentive pay of the plaintiff, Steven Ivey, for the period of employment.

30. The records of total incentive pay allocations for the Doraville, Ga. IRS processing center from 1998 to 2002.

31. The verification/consent form of Jennifer Smith for the use of personal and personnel file as submitted by Kelly Mancle in the treasury EOP file 02-1135.

32. The list of employees that received sexual material/invitation as referenced in the TIGTA file (Defendants Exhibit O for case 04-0214 US Dist. Court for DC).

33. The affidavits of Judy Jordan, Winda Daniels, and Kelly Mancle as referenced by Pam Blackburn, p. 3 of the TIGTA file Kathleen Bushnell of the Submission Processing Post Processing Division.

34. Correspondences to the US Treasury to Laura Sauer of the DOJ concerning the Treasury EOP file 02-0412.

35. During my employment, 1999 to 2001, at the Treasury I reported violations to taxpayers' documents/returns and department violations. These were of the form of two letters written to the IRS complaint division and the TIGTA. November 1999 and November 2000.  In regards to these letters I am requesting the departmental reports, memos, and /or notes for the processing of the complaints.  This would include Treasury, more specifically IRS department, documentation and personnel identity of the individuals handling the complaints.

35. In the continuation of the processing of the violations to taxpayers' returns the MSPB determined the errors of the IRS.  For the errors I am

4

requesting Treasury documentation of the actions taken to investigate and correct the errors. The documentation herein this request concerns the public interest and trust.

I agree to pay reasonable search and copy fees for processing the request not to exceed $100. However, please notify me prior to incurring cost in excess of this amount. Please forward the requested information to the above address.

Sincerely,

Steven Ivey

5

**Steven Ivey**
**7611 S. Orange Bl. Tr., Ste. #278**
**Orlando, Fl, 32809**


**Director**
**FOIA Disclosure**
**Campus Disclosure Office**
**IRS/US Dept. of the Treasury**
**Chamblee, GA, 30341**

**1/18/06**

**Dear Disclosure Office,**

       I am appealing the recent attached request under the FOIA

and Privacy Act.  It has been more than 30 days since the original request

was made.  However, I have received no response to my request.

Consequently, as per 28 C. F. R. 16 I am exercising an appeal.

       Please forward the requested information and /or

correspondences to the above address.

            Sincerely,


            Steven Ivey


EXHIBIT # 19



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

January 18, 2006

SMALL BUSINESS/SELF-EMPLOYED DIVISION

Steven Ivey
7611 S. Orange Bl. Tr., Ste. #278
Orlando, FL 32809

Dear Mr. Ivey:

This is in response to your Freedom of Information Act (FOIA)/Privacy Act (PA) request dated December 6, 2005, received in Disclosure Office 6 on December 19, 2005. Disclosure Office 14 is assisting Disclosure Office 6 in responding to your request which we received on December 21, 2005.

The Freedom of Information Act (FOIA), 5 U.S. Code 552, provides access by the public to records maintained by the Federal government. The Act and regulations promulgated thereunder, sets forth certain requirements must be met for a request to be processed. In order for our office to continue to process your request, please send us information needed to meet the requirements of the Act as indicated in the boxes checked below, and we will try to honor your request.

☐ Be made in writing and signed by the person making the request.
☐ State that it is made pursuant to the Freedom of Information Act, 5 U.S. Code 552, or regulations there under.
☒ Be addressed to the office, which is responsible for the control of the records requested.
☐ Describe the records in reasonably sufficient detail to enable us to find them. A request for "all" or "any" records under your name is not a reasonable request. You should identify specifically what kind of information you want from the tax account file, e.g. tax return, applicable audit information reports, transcripts of tax information, etc., all of which is further identified by: the specific tax years; specific division (e.g. Examination, Collection or Criminal Investigation Divisions), if known, which maintains the records you wish to access; and the specific type of tax (such as individual, corporate, employment, etc.), Form number or Title, and the appropriate identifying number.
Any other information, which you believe, will aid us in locating the requested records (such as the name of the IRS employee assigned to your case).

*EXHIBIT #20*

2

- Establish your identity and right to access personal and or tax records you requested. Providing these records is limited by statute or regulations.
  a) You must present a single document bearing a photograph or present two items of identification, which do not bear a photograph but do bear both a name and a signature.
  b) You must submit the requestor's signature, address and one other identifier bearing the requestor's signature.
  c) You must present in person or submit by mail a notarized statement swearing to or affirming such person's identity.
- You must furnish an original of properly executed power of attorney together with one other identifier bearing the signature of the person executing such power of attorney.
- Set Forth the address where the person making the request desires to be notified of the determination as to whether the request will be granted.
- State whether the requester wishes to inspect the records or desires to have a copy made and furnished without first inspecting them.
- State your firm agreement to pay appropriate fees for search and duplication. Fees may be waived or reduce provided such waiver or reduction has been requested in writing, along with justification, and it is determined that providing the requested information is in the public interest because it is likely to contribute to public understanding of the operations of the Internal Revenue Service and is not primarily in the commercial interest of the requester. This request must not place an undue burden upon the Internal Revenue Service.

Please be advised that the Freedom of Information Act (FOIA) does not require agencies to respond to interrogatories. It does not require agencies to conduct research to determine which resolution, decision, or statute you are seeking. Neither does the Act require an agency to respond to statements, which appear to be more appropriately addressed in a judicial proceeding.

In reply to your request regarding personnel records please make your request to one of the following offices:

**For retired or unknown status employees**:
OPM Reconsideration & Appeals Division
Room 4 H30
1900 E. Street NW
Washington, D.C. 20415

**For all other employees**:
International Personnel Records Cntr., GSA
Civilian Personnel Records
1111 Winnebago St.
St. Louis, MO 63118



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

February 9, 2006

Steven Ivey
7611 S. Orange Bl. Tr., Ste #278
Orlando, FL 32809

Dear Mr. Ivey:

This is in response to your Freedom of Information Act request dated December 6, 2005, and received in our office January 18, 2006. Your request was originally sent to our Chamblee Disclosure office; however, it was transferred to our office, as we are assisting them in processing their inventory. Please send all future requests to the Chamblee Disclosure office.

Your request duplicates the information sought in a previous request received by the Washington D.C. Disclosure Office. The Washington D.C. Disclosure Office responded to your request January 18, 2006, therefore this office will take no additional action.

This completes all action on your request by this office.

If you have any questions regarding this correspondence, Case Control Number RM06-01394, contact Robert Maestas, #7951706620, at (801) 620-7635 between the hours of 6:30 a.m. and 3:00 p.m. Mountain Time or write to Internal Revenue Service, Ogden Campus Disclosure Office, M/S 7000, PO Box 9941 Ogden, UT 84409.

Sincerely,

Robert Maestas
Disclosure Specialist

Enclosure(s):

EXHIBIT #21

## Certification of Service

The attached document was sent by certified mail to:


Office of the Clerk
US District Court for DC
333 Constitution Ave, N.W.
Washington, DC, 20001

And by regular mail to:

Jason Zarin
US Dept. of Justice
PO Box 227
Ben Franklin Station
Washington, DC, 20044




4-10-06
_____
Date

Steven Ivey
Plaintiff