UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,

    Plaintiff,

        v.

JOHN SNOW, Secretary,
United States Department of Treasury,

    Defendant.

Civil Action No. 05cv1095 (EGS)

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion for summary judgment.[1] Having considered the motion, plaintiff's opposition, and the record of this case, the Court will grant summary judgment for defendant.

### I. BACKGROUND

This civil action proceeds under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, and the Privacy Act, *see* 5 U.S.C. § 552a. *See* Compl. at 1. The Complaint and Amended Complaint set forth lists of information that plaintiff allegedly requested, but did not receive, from the Internal Revenue Service ("IRS").

Plaintiff submitted three requests for information to defendant that were processed as

---

[1] Also before the Court is plaintiff's "Motion for Name Change of Defendant." Because the FOIA applies only to agencies within the executive branch of the federal government, *see* 5 U.S.C. § 552(f)(1), the named defendant, John W. Snow, is not a proper party defendant. *See Stone v. Fed. Bureau of Investigation*, 816 F. Supp. 782, 785 (D.D.C. 1993); *Whittle v. Moscella,* 756 F. Supp. 589, 596 (D.D.C. 1991). The motion will be granted.

FOIA requests.  Memorandum of Law in Support of Defendant's Motion for Summary Judgment ("Def.'s Mot."), Declaration of Mary Ellen Keys ("Keys Decl.") ¶ 6.  Certain items listed in the Amended Complaint do not appear in any of these three requests.  *Id.* ¶¶ 16-17.

### A.  Reference No. SE:S:C&L:GLD: D:F/2004-02099

In a letter dated April 19, 2004, plaintiff requested "all records on the plaintiff, Steven G. Ivey as submitted to [the Office of Personnel Management] by the Department of the Treasury/IRS for [his] employment beginning in January 1999," as well as any records generated after his termination on March 7, 2001.  Keys Decl., Ex. A (April 19, 2004 letter to Peggy Higgins, Office of Personnel Management).  Plaintiff's letter was forwarded to the IRS's Headquarters Disclosure Office in Washington, DC.  *Id.* ¶ 8.  Because IRS staff was unable to locate responsive records based on the limited information included in plaintiff's April 19, 2004 letter, staff sought "additional information . . . such as the office [where he] worked, post of duty, position title, series, [and] grade."  *Id.*, Ex. B (April 15, 2005 letter from S.R. Rascoe, Tax Law Specialist, HQ Office of Disclosure FOIA).  The IRS notified plaintiff that, if it did not receive plaintiff's response by May 6, 2005, the case would be closed.  *Id.*  When the IRS did not receive a timely response from plaintiff, it closed his case on May 11, 2005.  *Id.* ¶ 9.

### B.  June 24, 2004 Request

In a letter dated June 24, 2004, plaintiff requested the following:

1. The address of the regional for the Doraville processing center.
2. The name of the regional supervisor for the Processing Center.
3. The Legal Representative for the Union at the center and Regional Division.
4. Any and all files pertaining to Steven Ivey both as a system of records and for the processing of the mentioned claim.
5. The definition of the role of the Union with regards to the Treasury or government.  Meaning is the Union a governmental agency or operating as such.

Keys Decl., Ex. C (June 24, 2004 letter to Yvonne Woods, Workforce Relations Consultant, IRS, Chamblee, GA).  Plaintiff's letter was forwarded to the IRS' Atlanta Disclosure Office, and then was forwarded to the Headquarters Disclosure Office for processing as a FOIA request.  *Id.* ¶ 11.

IRS staff notified plaintiff by telephone on October 24, 2004 that the agency would not fulfill his request unless he entered into an agreement to pay fees associated with processing his request.  Keys Decl. ¶ 12.  The IRS closed plaintiff's request on February 2, 2005 for plaintiff's failure to enter into a fee agreement.  *Id.* ¶ 13.

### C.  Reference No. SE:S:C&L:GLD: D:F/2005-01748

Plaintiff sent a third FOIA request to the Headquarters Disclosure Office by letter dated April 4, 2005.  Keys Decl. ¶ 14 & Ex. D (April 4, 2005 FOIA Request).  He sought information "relating to [his] employment at the IRS Processing Center in Doraville, Georgia[, and] materials for tax processing and department procedures for varies [sic] disclosures and employment conduct during [his] employment from 1998 to 2001."  *Id.*, Ex. D.[2]  The IRS acknowledged receipt of his request by letter dated May 25, 2005.  *Id.*, Ex. E (May 25, 2005 letter from S.R. Rascoe, Tax Law Specialist, HW Office of Disclosure FOIA).  The letter informed plaintiff that his request was considered "imperfect because [he has] not agreed to pay any processing fees."  *Id.*  The IRS then closed the request, and notified plaintiff that he may resubmit his request with an agreement to pay applicable processing fees and with proof of his identity.  *Id.*  Plaintiff did not submit a perfected request.  *Id.* ¶ 16.

---

[2]  Plaintiff also requested 18 specific items.  *See* Keys Decl., Ex. D.

## II.  DISCUSSION

*A.  Summary Judgment Standard*

The Court grants a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or documentary evidence to the contrary.  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"[3]  *SafeCard Serv., Inc. v. Securites*

---

[3]     In support of its motion, defendant submits the declaration of Mary Ellen Keys, an attorney in the IRS' Office of Chief Counsel, Disclosure & Privacy Law Division, at the agency's National Office in Washington, DC.  Keys Decl. ¶ 1.  Ms. Keys assists in defending the IRS in litigation arising under the FOIA.  *Id.*  In this capacity, she has "knowledge of the types of documents created and maintained by the various divisions and functions of the [IRS], and an understanding of the provisions of the FOIA and the [Privacy Act] which exempt certain types of

(continued...)

*and Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

B.  *Plaintiff Failed to Exhaust His Administrative Remedies*

Generally, a requester must comply with an agency's published regulations for filing a proper FOIA request.  *See* 5 U.S.C. § 552(a)(3)(A).  A proper request for IRS records, among other requirements, must be in writing, state that it is made pursuant to the FOIA, be addressed and mailed to the office of the IRS official responsible for the control of the records requested, and reasonably describe the records sought.  *See* 26 C.F.R. § 601.702(c)(4).  In addition, the request must "[s]tate the firm agreement of the requester to pay the fees for search, duplication, and review . . . or . . . place an upper limit for such fees that the requester is willing to pay, or request that such fees be reduced or waived and state the justification for such request."  26 C.F.R. § 601.702(c)(4)(i)(H).  "Where the requester does not reasonably describe the records being sought, the requester shall be afforded an opportunity to refine the request."  26 C.F.R. § 601.702(c)(5)(i).  "A determination that a request is deficient in any respect is not a denial of access, and such determinations are not subject to administrative appeal."  26 C.F.R. § 601.702(c)(7)(i).  If the IRS denies a request, it so informs the requester in writing, along with notice of his right to appeal the initial determination to the Commissioner of the IRS.  26 C.F.R. § 601.702(c)(9)(iv).  The requester must file his administrative appeal to the Commissioner within 35 days.  26 C.F.R. § 601.702(c)(10).  If an administrative appeal is denied, "the person

---

[3](...continued)
documents from disclosure in response to a request.  *Id.*  Ms. Keys personally reviewed plaintiff's Complant and Amended Complaint, and the FOIA requests he submitted to the IRS.  *Id.* ¶ 3.

5

making the request may commence an action in a United States district court." 26 C.F.R. § 601.702(c)(13).

A requester may seek judicial review of his FOIA request only after having exhausted all administrative remedies. *See Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). "Exhaustion . . . is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Id.* (citing *McKart v. United States*, 395 U.S. 185, 194 (1969)). "To permit [a requester] to ignore the [agency's] directive would cut off the agency's power to correct or rethink initial misjudgments or errors, and frustrate the policies underlying the exhaustion requirement." *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (internal citation omitted).

A requester does not exhaust his administrative remedies "until the required fees are paid or an appeal is taken from the refusal to waive fees." *Oglesby v. United States Dep't of the Army*, 920 F.2d at 66; *see Trueblood v. Dep't of the Treasury*, 943 F.Supp. 64, 68 (D.D.C. 1996). Commencement of a civil action pursuant to FOIA does not relieve a requester of his obligation to pay any required fees. *See Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir.), *cert. denied*, 516 U.S. 843 (1995).

Defendant has demonstrated that plaintiff did not exhaust his administrative remedies. None of plaintiff's three FOIA requests complied with the agency's regulations. Plaintiff did not perfect his April 19, 2004 request by supplying additional information to assist IRS staff in locating responsive records. He neither agreed to pay fees, nor requested a waiver or reduction of fees, associated with processing his June 24, 2004 and April 4, 2005 requests. Further, he did not

perfect the April 4, 2005 request by submitting proof of his identity.

Insofar as plaintiff's Complaint and Amended Complaint request records in addition to those sought through his three FOIA requests, such claims must fail. Plaintiff cannot show exhaustion with respect to those items if he did not submit a FOIA request to the IRS. "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." *Carbe v. Bureau of Alcohol, Tobacco and Firearms*, No. 03-1658, 2004 WL 2051359, *8 (D.D.C. Aug. 12, 2004).

Plaintiff offers no persuasive arguments to the contrary, as nothing in his filings shows that he exhausted his administrative remedies. Although he refers to exhibits to show his efforts to exhaust, none of those exhibits is attached to his opposition. In his supplemental opposition, he refers to separate FOIA requests submitted to the IRS after the requests at issue in this case were closed. *See* Informal Memorandum, Exs. 15-18, 20-21.

### III.  CONCLUSION

Plaintiff has not exhausted his administrative remedies. Defendant has demonstrated the absence of any genuine issue of material fact as to the IRS' compliance with the FOIA, and its entitlement to judgment as a matter of law. Accordingly, the Court will grant defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

Signed:      EMMET G. SULLIVAN
             United States District Judge

Dated:       July 19, 2006